# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIKS SARKISYAN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SYNCHRONY BANK, and EQUIFAX INFORMATION SERVICES, LLC,<br><br>　　　　Defendants. | Case No. 3:15-cv-02139-WQH-JMA<br><br>**ORDER GRANTING JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER [ECF NO. 38]**<br><br>FAC Filed:　　December 14, 2015<br><br>Hon. William Q. Hayes<br>Mag. Judge Jan M. Adler |

## ORDER

Pursuant to the parties' Joint Motion for Entry of Protective Order, and good cause appearing, it is hereby ordered that:

The Stipulated Protective Order agreed to by the Parties, and attached hereto, be ordered effective by the Court.

**IT IS SO ORDERED**.

Dated:  July 15, 2016

Honorable Jan M. Adler
United States Magistrate Judge

– 1 –

15cv2139

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff, Feliks Sarkisyan and Defendant, Synchrony Bank, by undersigned counsel, hereby jointly agree and stipulate to the following provisions with respect to all Parties' confidential documents and information in the above-captioned litigation:

## DEFINITIONS

A. "Plaintiff" means Feliks Sarkisyan, and any of Plaintiff's agents, employees, or her representatives acting on Plaintiff's behalf in this lawsuit.

B. "Synchrony" means Defendant, Synchrony, and/or any agents, employees or representatives acting on Synchrony's behalf.

C. "Party" or "Parties" means Plaintiff, Feliks Sarkisyan and Defendant, Synchrony, collectively.

## CONFIDENTIALITY PROVISIONS

1. This Stipulated Protective Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, responses to requests for inspection, and all other discovery taken in this matter pursuant to the Federal Rules of Civil Procedure, as well all documents produced by any party in response to

– 3 –

informal discovery requests and computerized records which the disclosing party designates as "Protected Material" hereafter furnished, directly or indirectly, by or on behalf of any party in connection with this action.

Protected Material shall be designated as follows:

    (i)    Protected Material in the form of tangible property shall be designated by physically marking it with the label "Protected Material." If the tangible property is a document, each page as to which Protected Material status is claimed shall be so marked;

    (ii)    Protected Material in the form of intangible property (e.g., electronic mail, electronic documents, electronic spreadsheets) shall be designated by including "Protected Material" in the file name and labeling the medium on which the files are delivered "Protected Material";

    (iii)    Protected Material in verbal form, such as testimony of a witness, shall be designated by contemporaneous verbal designation and by directing the reporter in accordance with paragraph 6(a) below.

2.    In designating any tangible, intangible, or verbal material as Protected Material, a party shall make such a designation of Protected Material only for such documents or materials which that party in good faith

believes (i) contain trade secret or other confidential, competitive or proprietary business information, (ii) contain confidential personal or financial information, or (iii) contain other information which the party is otherwise required to keep confidential by agreement or law.

3. The only categories of persons who may be given access to Protected Material, as defined herein, are court personnel and those who agree to be bound by the terms of this Protective Order and are also within one of the following categories: (a) legal counsel (and their support personnel) for the Parties; (b) the Parties, (c) any third-party experts (and their support personnel) retained by the Parties ("Third-Party Experts"), or (d) court reporters or videographers engaged for depositions.

4. Before any Third-Party Experts or court reporters or videographers engaged for depositions may inspect, view or copy Protected Material produced or provided to them, each Third Party Expert, court reporter, or videographer must sign and provide to the disclosing party's counsel a copy of the **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND** attached as Exhibit "A" to this Protective Order. Copies of any Protected Material shall be provided to Third-Party Experts, court reporters or videographers with the "Protective Material" designation duplicated.

5. Third-Party Experts shall use Protected Material inspected, viewed or copied by them only for purposes of preparation, prosecution, trial

or settlement of this action, and shall use Protected Material for no other purpose, nor shall they disclose such Protected Material to any person not encompassed by paragraph 3 above.

  6. Whenever a deposition involves a disclosure of Protected Material, the following procedures shall be implemented:

    (a) The reporter shall mark those pages of the transcript containing Protected Material. The cover of any deposition transcript that contains Protected Material shall be prominently marked with the legend: "PROTECTED MATERIAL SUBJECT TO PROTECTIVE ORDER." Dissemination of any deposition transcript portions so designated or the content thereof shall be limited to the persons given access in accordance with paragraph 3. The disclosing party shall be responsible for directing the reporter to perform the tasks set forth in this subparagraph.

    (b) No one other than persons given access in accordance with paragraph 3 of this Protective Order may review the portions of a deposition transcript that have been marked as containing Protected Material. If any Protected Material is shown or discussed at a deposition, any person other than persons given access in accordance with paragraph 3 of this Protective Order (and the court reporter and witness) must leave the deposition.

Such person(s) may return to the deposition immediately after the discussion relating to the Protected Material ceases.  The disclosing party shall be responsible for requesting deposition attendees to leave the room and advising when they may return to the room, as set forth in this subparagraph.

7. Protected Material may be included with, or disclosed in, pleadings, motions, deposition transcripts or other papers filed with the Court, and at trial or at any other proceeding, as long as the party having disclosed and/or designated the Protected Material is given reasonable notice and an opportunity to object.  If there is an objection, the disclosing party's counsel shall meet and confer in good faith to attempt to resolve the differences and decide on an appropriate course of action with regard to the disclosure of the Protected Material.  If counsel cannot resolve their differences, a motion may be filed with the Court seeking further protection.

8. Each person covered by this Protective Order shall take reasonable precaution to prevent disclosure of Protected Material, including but not limited to physically securing, safeguarding and restricting access to the Protected Material. The confidentiality of information learned pursuant to this Protective Order shall be maintained in perpetuity, subject to revision at any time by the Court and cessation of protection when the information becomes public knowledge through means other than violation of this

– 6 –

1  Protective Order.

2       9.    If the disclosing party inadvertently discloses any document or
3  thing containing information that it deems confidential without designating it as
4  Protected Material, the disclosing party shall inform opposing counsel in
5  writing within seven days of discovery of such inadvertent disclosure, and
6  the information shall thereafter be treated as Protected Material under the
7  Protective Order. To the extent such information may have been disclosed to
8  persons other than persons given access in accordance with paragraph 3 of
9  this Protective Order, reasonable efforts to retrieve the information
10 promptly from such person(s) and to avoid any further disclosure to the
11 non-authorized person(s) shall be made.

12      10.    If the receiving party or parties determines that attorney-client
13 privileged, work product protected, or other privileged material has been
14 inadvertently produced, that party or parties shall notify the disclosing party in
15 writing with seven days of discovery of such inadvertent production. The
16 receiving party or parties shall provide the disclosing party with an opportunity
17 to designate the material produced as Protected Material, as attorney-client
18 privileged, as work product protected, and/or as otherwise privileged, and to
19 ask for return of the material inadvertently disclosed. Any party or parties
20 receiving any of the above identified privileged material as a result of an
21 inadvertent production shall not seek to use, admit, benefit, rely on, or

– 7 –

otherwise take advantage of the information contained therein.

11.  Nothing in this Protective Order shall be deemed to expand the scope of discovery.  Nothing in this Protective Order shall be deemed to preclude any party or parties from seeking and obtaining,  on  an appropriate  showing,  additional  protection  with  respect  to  the confidentiality of documents or other discovery material or relief from this Protective Order, with respect to particular designated material.

12.   The Parties may agree in writing to modifications to the disclosure of Protected Material permitted or covered by this Protective Order. Such modification(s) shall be incorporated in a written consent order and submitted to the Court.

13.   If any of the parties object to the designation of documents or materials as Protected Material, their counsel shall inform opposing counsel of their position in writing. Thereafter, counsel shall meet and confer in good faith to attempt to resolve their differences. If counsel cannot resolve their differences, a motion may be filed with the Court seeking to re-designate the documents or materials at issue.

14.   If any entity subpoenas or orders production of Protected Material that a party or parties have obtained subject to this order, the party or parties subpoenaed or ordered shall promptly notify opposing counsel of the pendency of the subpoena or order and shall not produce the information until

– 8 –

opposing counsel shall have reasonable time (which shall be no less than 10 business days) to object or take other appropriate steps to protect the information.

15.  If any party or parties subpoenas documents from a third party for purposes of this litigation, that party or parties shall notify opposing counsel of the issuance of the subpoena at least 10 business days prior to the receipt of any documents pursuant to that subpoena in order to allow opposing counsel to designate any responsive material as Protected Material or otherwise object to the production.

16.  Nothing in this Protective Order shall restrict the use or disclosure by Plaintiff or Defendant of their own documents or information, including but not limited to deposition testimony of employees or experts.

17.  This Protective Order shall survive the final termination of the action (including all appeals).

18.  Within thirty (30) days of the date of final disposition or resolution of this litigation, including all appeals, counsel for the receiving party or parties and any other authorized persons holding Protected Material shall return to counsel for the disclosing party, or certify the destruction of, all such Protected Material previously furnished by the disclosing party, including all copies, extracts, and summaries made from or containing Protected Material, which the exception of such copies which have been filed with the

– 9 –

1 Court. Notwithstanding the provisions of this paragraph, counsel for any party
2 shall be entitled to retain all pleadings, motion papers, legal memoranda,
3 correspondence, and work product.

     19.    Subject to public policy, and further court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

     If the Court grants a party permission to file an item under seal, a duplicate disclosing all nonconfidential information, if any, shall be filed and made part of the public record.  The item may be redacted to eliminate confidential material from the document.  The document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment."  The sealed and redacted documents shall be filed simultaneously.

# EXHIBIT A

# ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [Name – Print or Type], have been given and read a copy of the Protective Order, dated _____, in this case. I understand and will strictly adhere to the contents of said order. I understand that produced material disclosed to me is subject to the order of this Court and that I am prohibited from copying, disclosing or otherwise using such material except as provided by said court order. I understand that unauthorized disclosure of the stamped confidential documents may constitute contempt of court and agree to be subject to personal jurisdiction of this Court for the purpose of enforcing my obligations under this Agreement, the order, and any contempt proceeding that may be instituted for alleged violation thereto. I understand also that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by said order, is a prerequisite to my review of any produced document and materials.

_____
[Name]